te Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 3508 | DATE | 11/15/2004 |
| CASE TITLE | VIP Sports Marketing vs. Buzil | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] For the reasons stated in the attached memorandum opinion and order, the decision of the bankruptcy court is affirmed. Enter Memorandum Opinion and Order. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | NOV 16 2004 | | |
| ✓ | Docketing to mail notices. | | date docketed | | |
| | Mail AO 450 form. | | | docketing deputy initials | 11 |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | | |
| MF | courtroom deputy's initials | 2004 NOV 15 PM 3:49 Date/time received in central Clerk's Office | | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| VIP SPORTS MARKETING, INC., | ) |
| Appellant, | ) |
| v. | ) Case No. 04 C 3508 |
| | ) Honorable John W. Darrah |
| STEVEN BUZIL, | ) |
| Appellee. | ) |

DOCKETED
NOV 1 6 2004

## MEMORANDUM OPINION AND ORDER

Appellee, Steven Buzil, filed a voluntary petition under Chapter 7 of Title 11 of the United States Code. Appellant, VIP Sports Marketing ("VIP"), is a judgment creditor of Buzil. Buzil's debt to VIP would generally be dischargeable in the bankruptcy proceeding, but VIP alleged in an adversary complaint, pursuant to 11 U.S.C. § 523(a)(2)(A), that the debt was not dischargeable because the debt was fraudulently obtained by Buzil. Specifically, VIP alleged that Buzil obtained money from VIP by misrepresenting his ability to procure a number of passes for the 2000 Masters Professional Golf Tournament.

Thereafter, Buzil filed a motion to dismiss the adversary complaint because VIP's promissory fraud claime did not meet the requirements of the fraud exception to an otherwise dischargeable debt. Buzil also contended that the adversary complaint did not satisfy the pleading requirements of Bankruptcy Rule 7009(b). This motion was granted, and VIP was granted leave to file an amended adversary complaint. The amended complaint filed by VIP was similar to the original complaint, and Buzil filed another motion to dismiss that alleged the amended adversary complaint did not satisfy the pleading requirements of Bankruptcy Rule 7009(b). This time, the amended adversary complaint was dismissed with prejudice, and the

adversary proceeding was closed.

Presently before the Court is an appeal of an order of the bankruptcy court dismissing VIP's amended adversary complaint against Buzil with prejudice. For the following reasons, the decision of the bankruptcy court is affirmed.

## LEGAL STANDARD

On an appeal, a bankruptcy court's decisions concerning questions of law are reviewed *de novo*. *Hoseman v. Weinschneider*, 322 F.3d 468, 473 (7th Cir. 2003). In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

## BACKGROUND

The facts, for the purposes of this appeal, are taken as true from VIP's Amended Complaint. Buzil was involved in the ticket broker business, whereby he would enter into agreements to provide tickets to entertainment and sporting events that were generally unavailable to the public. Buzil entered into one such agreement with VIP.

2

On March 27, 2000, Buzil, in a written contract, agreed to provide VIP with thirty tickets for the 2000 Masters Professional Golf Tournament (the "Masters"), which was set to begin on April 6, 2000. VIP agreed to pay Buzil $83,250.00 upon execution of the agreement, and then pay $27,750.00 upon delivery of the tickets. On March 29, 2000, VIP further provided Buzil with $5,000.00 to be held as a deposit.

Unbeknownst to VIP, Buzil did not have the tickets needed to fulfill VIP's needs at the time of the agreement. Knowing that he would receive money from VIP, Buzil represented that he would provide the thirty tickets. However, Buzil knew that he did not have access to thirty tickets at the time of the agreement.

After Buzil entered into the agreement with VIP, Buzil obtained a release from another party for a prior commitment Buzil had to provide Masters tickets. Buzil was thus able to obtain twenty tickets for the Masters. Buzil, however, was cognizant of the increasing price for Masters tickets and believed he could purchase tickets at a lower price than currently available. Therefore, Buzil did not purchase tickets with the funds provided by VIP.

On April 4, 2000, VIP paid the remaining $27,750.00 due to Buzil. Buzil was only able to deliver eighteen tickets for the Masters to VIP, even though there were tickets available for Buzil to purchase prior to the start of the Masters.

Throughout VIP and Buzil's dealings, Buzil continuously represented that he would be able to provide the required tickets in time for the beginning of the Masters. These representations were false. Furthermore, Buzil had an undisclosed scheme not to pay any

amounts for tickets in excess of a certain profit he was secretly seeking to obtain. Instead, Buzil either procured tickets for other customers at his acceptable profit level or refused to procure the remaining tickets for VIP with the funds VIP provided.

Buzil knowingly made some of these misrepresentations to VIP at the time of entering into the agreement. VIP reasonably relied on these representations and provided Buzil with the full agreement price and the $5,000.00 deposit. However, VIP was injured because it paid the full amount yet only received eighteen of the requested thirty tickets.

## ANALYSIS

VIP seeks to assert a claim under 11 U.S.C. § 523(a)(2)(A), which provides that a debtor is not discharged from a debt for money obtained under false pretenses. For VIP to state a claim under this provision, it must allege that: (1) Buzil obtained the money by making representations he knew to be false, (2) Buzil acted with an intent to deceive VIP, and (3) VIP justifiably relied on Buzil's representations. *See In re Sheridan*, 57 F.3d 627, 635 (7th Cir. 1995).

With regard to the first requirement to plead a claim for false pretenses, Federal Rule of Bankruptcy Procedure 7009, the applicable pleading standard in the bankruptcy court, is identical to Federal Rule of Civil Procedure 9(b). "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). "While this does not require a plaintiff to plead facts that if true would show that the defendant's alleged misrepresentations were indeed false, it does require the plaintiff to state 'the identity of the person making the misrepresentation, the time, place and content of the misrepresentation, and

4

the method by which the misrepresentation was communicated to the plaintiff.'" *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992) (quoting *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992) (*Bankers Trust*)).

"The allegations must be specific enough to provide the defendants with a general outline of how the alleged fraud scheme operated and of their purported role in the scheme." *Rohlfing v. Manor Care, Inc.*, 172 F.R.D. 330, 347 (N.D. Ill.1997) (citations omitted). To determine whether counts are sufficiently pled, a court will bear in mind the purposes of Rule 9(b): "(1) protecting the defendants' reputations; (2) preventing fishing expeditions; and (3) providing adequate notice to the defendants." *Rohlfing*, 172 F.R.D. at 347 (citing *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 777 (7th Cir.1994)).

"[A] promise to perform a contract when there is no actual intent to do so" may be an actionable misrepresentation. *Houben v. Telular Corp.*, 231 F.3d 1066, 1074 (7th Cir. 2000) (*Houben*). The promise must be part of a scheme to defraud. *Houben*, 231 F.3d at 1074.

In this case, VIP alleges that Buzil promised to provide the tickets although Buzil knew he did not have access to or the ability to obtain the tickets. However, VIP later specifically alleges to the contrary: that tickets were available to Buzil. VIP also alleges that Buzil was able to obtain tickets by being released from other commitments he had made for the tickets. These contradictory allegations result in a failure by VIP to sufficiently plead a necessary element of fraud. *See, e.g., McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000) (explaining that a plaintiff can plead facts demonstrating a defendant is entitled to prevail on a motion to dismiss).

5

VIP also alleges that Buzil never intended to deliver the tickets to VIP at the time Buzil entered into the agreement. VIP, again to the contary, elsewhere alleges that Buzil actually delivered eighteen tickets to VIP. VIP further alleges that Buzil was attempting to free up tickets from other commitments and that Buzil was attempting to find tickets at a lower price than available on the market. Once again, these contradictory allegations result in a failure by VIP to sufficiently plead a claim for fraud.

Based on the above, the amended complaint, considered as a whole, including the material contradictions, does not state a claim for fraud; and no possible set of facts could be pled to do so. Accordingly, the bankruptcy court did not err in dismissing VIP's amended complaint with prejudice.

## CONCLUSION

For the foregoing reasons, the decision of the bankruptcy court is affirmed.

Date: November 15, 2004

John W. Darrah, Judge
United States District Court

6